UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61091-CIV-MCALILEY
CONSENT CASE

NIELSON GOLDEN CRAB FISHERY,

    Plaintiff,

v.

MICHAEL BUTTERWORTH,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

Pending before the Court is Defendant's Motion to Dismiss [DE 17], Plaintiff's response [DE 19] and Defendant's reply [DE 23]. The Court has reviewed the parties' written submissions, the record, and applicable law. For the reasons described below, Defendant's motion is denied.

### I. BACKGROUND[1]

This case arises from injuries allegedly suffered by Defendant, Michael Butterworth ("Butterworth"), while serving as a deck hand aboard the F/V Lady Mary, owned by Plaintiff, Nielson Golden Crab Fishery ("Nielson"). [DE 11]. Butterworth allegedly injured himself aboard the Nielson's vessel on June 29, 2001. [*Id.* at ¶ 4].

---

[1] The facts are taken from the Amended Complaint [DE 11], and viewed in the light most favorable to the Plaintiff, as is required when considering a motion to dismiss.

Given Butterworth's status as a Jones Act seaman, maintenance and cure payments were made on his behalf. [*Id.* at ¶ 5]. On May 24, 2010, Butterworth's counsel sent a settlement offer to Nielsen's representative, offering to resolve all claims "for all available policy limits." [*Id.* at ¶ 6]. The offer stated that it would remain open until 5:00 p.m. on June 24, 2010, and that if Nielsen did "not tender the check to our office by that date and time we will retract our offer to settle and commence litigation." [*Id.*].

Butterworth's and Nielsen's counsel engaged in communication via telephone and correspondence during June, 2010. [*Id.* at ¶¶ 8-14]. Nielsen claims that as of June 22, 2010, its representative believed that Butterworth was agreeable to resolving the claim for the remaining policy limits, and all that remained was to finalize the exact amount and method of payment. [*Id.* at ¶ 14]. Nielsen alleges that it tried to get confirmation from Butterworth's counsel that a check for $50,000 would be acceptable payment, but Butterworth's counsel did not return Nielsen's calls. [*Id.* at ¶ 14]. On June 25, 2010, Butterworth's counsel advised Nielsen that the settlement offer was withdrawn, and that Butterworth would file suit against Nielsen for Bad faith failure to settle. [*See id.* at ¶ 15]. That same day, Nielsen filed this lawsuit, seeking a declaratory judgment that the parties had reached a binding settlement agreement, and asking the Court to order that the settlement be enforced. [*See id.* at ¶19].

Butterworth has moved to dismiss Nielson's Complaint for failure to state a claim

on which relief can be granted.[2]

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555)). A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Pleadings that "are no more than conclusions, are not entitled to the assumption of truth.

---

[2] Butterworth originally moved to dismiss on November 12, 2010 [DE 10], after which Nielsen filed an Amended Complaint [DE 11]. Butterworth then filed a renewed motion to dismiss the Amended Complaint [DE 17].

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. A court's analysis of a Rule 12(b)(6) motion "is limited primarily to the face of the complaint and the attachments thereto." *Brooks*, 116 F.3d at 1368.

### III. ANALYSIS

Butterworth argues that Nielsen's Amended Complaint should be dismissed because Nielsen fails to state a cause of action on which relief can be granted. [DE 17 at p. 3]. Butterworth focuses on the provision of his settlement offer - that Nielsen "tender the check to our office by [5:00 p.m., June 24, 2010]" - and emphasizes the Nielsen did not deliver a check by that deadline. Butterworth cites numerous decisions of Florida courts which found that the term "tender" has a very specific meaning: *i.e.*, to physically deliver the agreed upon funds, rather than to merely offer to pay those funds. [*Id.* at pp. 3-5]. Butterworth maintains that because Nielsen merely offered to pay the available policy limits, rather than appearing at counsel's office, check in hand, Nielsen did not abide by the terms of the agreement; thus, there is no settlement agreement to enforce. [*Id.* at pp. 6, 8].

"'A motion to dismiss a complaint for a declaratory judgment is not a motion on the merits. It is a motion only to determine whether the plaintiff is entitled to a declaration of rights, not whether it is entitled to a declaration in its favor.'" *Norring v. Private Escapes, LLC*, 2010 U.S. Dist. LEXIS 22895, *19-20 (M.D. Fla. Mar. 12, 2010), quoting

*Parr v. Maesbury Homes, Inc.*, No. 6:09-cv-1268-Orl-19GJK, 2009 U.S. Dist. LEXIS 119087 (M.D. Fla. Dec. 22, 2009). While Butterworth's position may ultimately prevail, he is seeking a ruling on the merits of Nielsen's claim, which is premature.

Interestingly, Butterworth did not contend that Nielsen failed to adequately state a claim for a declaratory judgment. Such a claim is properly pled where it is alleged that: (1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; (3) the plaintiff is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the declaration. [*Id.* at p. 20].

Butterworth does not analyze the allegations in the Amended Complaint and specify how Nielsen failed to allege the necessary elements of a declaratory judgment claim. Rather, Butterworth argues only that Nielsen's claim is without merit, specifically, that the parties did not reach a binding settlement agreement. Because Butterworth prematurely argues the merits of Nielsen's claim for declaratory relief, this Court denies his motion to dismiss.

### IV. CONCLUSION

In light of the foregoing, it is hereby ORDERED that:

1.   Butterworth's Motion to Dismiss [DE 17] is DENIED.

    2.    Butterworth's original Motion to Dismiss [DE 10] is DENIED as moot.

    3.    The parties are to confer and present to the Court a proposed schedule to complete the resolution of this case.

DONE AND ORDERED in chambers at Miami, Florida, this 1st day of August, 2011.

*[signature]*
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record